IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERRY TIPPS, #714441,            Petitioner, | § § § | |
| v. | § § | 3:09-CV-0309-B |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division,            Respondent. | § § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of aggravated robbery in Criminal District Court No. 4 of Dallas County, Texas. Punishment was assessed at ninety-nine years imprisonment. *State v. Tipps*, No. F99-00280. The Fifth District

Court of Appeals affirmed Petitioner's conviction on appeal. *Tipps v. State*, No. 05-99-01073-CR (Tex. App. – Dallas, Jun. 12, 2000, no pdr).

On November 2, 1007, Petitioner filed a state habeas application, pursuant to art. 11.07, Texas Code of Criminal Procedure -- challenging his conviction. *See Ex parte Tipps*, No. W99-00280-A (*See* Exh. B attached to Pet's Memorandum in Support). The Texas Court of Criminal Appeals (TCCA) denied the application without written order on the trial court's findings without a hearing on January 23, 2008. *See Ex parte Tipps*, WR-69,703-01. (*See* copy of White Card attached to federal petition).[1]

In his federal petition, filed on February 18, 2009, Petitioner raises two grounds for habeas relief: (1) the state charged him with a crime and cause number that does not exist, and (2) his 99-year sentence was improperly enhanced.[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); Rule 4 of the Rules Governing § 2254 proceedings (West 2009) (requiring a district court to

---

[1] The docket sheets for Petitioner's art. 11.07 application, confirming the above dates, are available at the following internet addresses: http://www.dallascounty.org/criminalBackgroundSearch/defendant_detail.do?ln=01 (last visited June 17, 2009); and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=256839 (last visited June 17, 2009).

[2] For purposes of this recommendation, the federal petition is deemed filed on February 11, 2009, the date Petitioner certifies signing and placing it in the prison mailbox. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

On February 20, 2009, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed his response on March 23, 2009, reiterating the substantive claims raised in his federal habeas petition and requesting equitable tolling.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting the claims raised in the petition became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner concedes his conviction became final on July 12, 2000, the last day on which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.2(a) (effective September 1, 1997); *Flores v. Quarterman*, 467 F.3d 484 (5th Cir. 2006). The one-year period began to run on July 13, 2000, the day after Petitioner's conviction became final, and expired one year later on July 12, 2001. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).

While 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of a properly filed state habeas application, statutory tolling is unavailable in this case. Petitioner filed his state application on November 2, 2007, over six years *after* the expiration of the one-year limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a state habeas application does not toll the limitations period when it is filed after the one-year period has expired). Therefore, the federal petition deemed filed as of February 11, 2009, more than seven and one-half years after the one-year period elapsed, is clearly untimely absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

In response to the court's show cause order, Petitioner contends he is entitled to equitable tolling because his appellate counsel, misled him into thinking that he had filed a timely notice of appeal from the original trial court cause number, No. F99–00280. (Pet's Response to Show

4

Cause at 11). He asks the court "to take judicial notice that a certain cause number appealed was not the number under which he was convicted . . . ." (*Id.* at 10). Petitioner's argument is patently frivolous. The trial and appellate courts docket sheets reflect that Petitioner's conviction was appealed. *See State v. Tipps*, No. F99-00280 (Dallas County), http://www.dallas county.org/criminalBackgroundSearch/defendant_detail.do?ln=02 (last viewed June 18, 2009); and *Tipps v. State*, No. 05-99-01073-CR (Tex. App. – Dallas 2000), http://www.courtstuff.com /FILES/05/99/05991073.HTM (last viewed June 18, 2009).

Nevertheless, even assuming counsel failed to perfect a direct appeal in the right cause number, and that his failure constituted ineffective assistance of counsel, it is clear that it would not justify equitable tolling of the limitations period in this case. As a matter of fact, since counsel's alleged failure to perfect a direct appeal in the right case occurred before the date on which Petitioner's conviction became final – i.e. before the one-year period even began to run – it has no bearing on whether the one-year period should be equitably tolled. In *Molo v. Johnson,* 207 F.3d 773, 775-76 (5th Cir. 2000), the Fifth Circuit explained as follows:

> Whether Molo had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations. The same is so of his claim that the Texas Court of Criminal Appeals erred under state law when it denied his out-of-time appeal.

*Id. See also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision.").

5

In addition, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000) (petitioner must pursue the habeas "process with diligence and alacrity."). Petitioner waited more than six-years after his conviction became final before he filed his art. 11.07 application. After receiving notice of the denial of his art. 11.07 application, he waited an additional year before mailing the federal petition in this case.

Petitioner provides no explanation for his dilatory conduct. While he reiterates his claim that the prosecutor charged him "with a crime and cause number that does not exist," he fails to provide any details about his failure to raise the claim sooner. Unexplained delays do not make the circumstances of a case extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (holding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4-5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (holding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation accepted (N.D. Tex., Aug. 1, 2003). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

The party seeking equitable tolling bears the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

6

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4 of the Rules Governing § 2254 proceedings (West 2009).

A copy of this recommendation will be mailed to Petitioner.

Signed this 18th day of June, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.